IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TERRELL J. L.,

       Plaintiff,

  v.                                    Civil Action No.
                                            6:22-CV-0978 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF                 MELISSA KUBIAK, ESQ.
KENNETH HILLER, PLLC
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226

FOR DEFENDANT

SOCIAL SECURITY ADMIN.       AMANDA LOCKSHIN, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

                                          ORDER

     Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on August 30, 2023, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)   Defendant's motion for judgment on the pleadings is GRANTED.

---

[1]   This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in the Supplemental Social Security Rules and General Order No. 18. Under those provisions, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2

2)	The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)	The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:	September 6, 2023
	Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
TERRELL JOHN L.,

                              Plaintiff,

vs.                           6:22-CV-978

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on August 30, 2023, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LAW OFFICE OF KENNETH HILLER, PLLC<br>Attorneys at Law<br>6000 North Bailey Ave. - Suite 1A<br>Amherst, New York  14226<br>  BY:  MELISSA KUBIAK, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Program Litigation, Office 2<br>6401 Security Blvd.<br>Baltimore, Maryland  21235<br>  BY:  AMANDA LOCKSHIN, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1              (The Court and counsel present by telephone.)
2              THE COURT:  Let me begin by thanking both counsel
3    for excellent and spirited presentations, I've enjoyed
4    working with you.
5              Plaintiff has commenced this proceeding pursuant to
6    42 United States Code Sections 405(g) and 1383(c)(3) to
7    challenge a determination of the Commissioner of Social
8    Security finding that he was not disabled at the relevant
9    times and therefore ineligible for the benefits that he
10   applied for.
11             The background is as follows:  Plaintiff was born
12   in February of 1969, he is currently 54 years of age.  He was
13   46 years old at both the alleged onset of disability in
14   February of 2015 and the date of his application in September
15   of 2015.  Plaintiff lives in Utica alone in an apartment.
16   There is indication in the record he has two sons and has
17   visitation of at least a seven-year-old son.  Plaintiff
18   stands 5 foot 8 inches in height and weighs 185 pounds
19   approximately.  Plaintiff has a GED.  The evidence is
20   equivocal as to whether while in school he was placed in
21   special education.  At page 509 in his adult function report
22   he stated he was not but during the hearing at page 46, he
23   stated that he was in special education.  At page 507, or
24   509, I can't read my own writing, he stated that he is unable
25   to read and/or write English.  Plaintiff stopped working in

1  December of 2012.  He has a very modest employment history,
2  including one month as a telephone survey person.  He was
3  self-employed doing bicycle repairs, he was an oil tank
4  installer, and had various temporary jobs.  The
5  administrative law judge in this case reviewed his work
6  history and concluded that he had not engaged in what could
7  be considered as past relevant work.
8           Physically, plaintiff experiences seizures, and
9  although he claimed at one point to have arthritis in his
10 knees, it was not mentioned during the hearing as a basis why
11 he is unable to work.  There are other various conditions
12 mentioned but none rising to a level of severe according to
13 the administrative law judge.
14           Mentally, he suffers from various diagnosed mental
15 conditions, such as schizophrenia, alcohol dependence,
16 cannabis abuse, personality disorder, depression and general
17 anxiety disorder, and paranoia.  He has received treatment
18 from Community Health and Behavioral Services, from Upstate
19 Cerebral and Mental Health Connections where he has seen
20 Nurse Practitioner Sylvia Redmond.  He has received care from
21 the Sister Rose Vincent Family Medical Center and from
22 Dr. Ahmed Shatla.
23           Plaintiff has a fairly wide range of activities of
24 daily living.  He's able to dress, bathe, groom, cook, clean,
25 shop, use public transportation, he does not drive, he

1   watches television, he reads, he listens to the radio, he
2   attends sporting events with friends, he plays basketball, he
3   works out at a local gym, he goes to his son's school, and he
4   volunteers at church.
5           Procedurally, plaintiff applied for Title XVI
6   Supplemental Security Income payments on September 24, 2015,
7   alleging an onset date of February 27, 2015.  In support of
8   his application, he claimed disability due to anxiety,
9   depression, a mood disorder, a psychotic disorder, seizures,
10  and knee arthritis.  A hearing was conducted on June 26, 2018
11  by Administrative Law Judge, or ALJ, Lawrence Levey.  ALJ
12  Levey issued an unfavorable decision on November 26, 2018.
13  On May 26, 2020, the Social Security Administration Appeals
14  Council vacated the determination and remanded the matter.
15  The instruction was that on remand the administrative law
16  judge must give the claimant the opportunity to examine the
17  post-hearing evidence and comment on, object to, or refute it
18  by submitting other evidence, and offer the claimant an
19  opportunity for a supplemental hearing.  That was based upon
20  a finding that following the June 26, 2018 hearing, the ALJ
21  received additional documents that were not shared with the
22  claimant as required by the internal procedures and practices
23  of the agency.
24          On November 2, 2021, a hearing was conducted, at
25  which a vocational expert testified, by ALJ Elizabeth

1  Koennecke.  On November 16, 2021, ALJ Koennecke issued an
2  unfavorable decision, which became a final determination of
3  the agency on July 20, 2022, when the Social Security
4  Administration Appeals Council denied plaintiff's application
5  for review.  This action was commenced on September 16, 2022,
6  and is timely.
7       In her decision, ALJ Koennecke applied the familiar
8  five-step sequential test for determining disability.  At
9  step one, she concluded that plaintiff has not engaged in
10 substantial gainful activity since the date of his
11 application.
12      At step two she concluded that plaintiff does
13 suffer from severe impairments that impose more than minimal
14 limitations on his ability to perform work-related functions,
15 including a seizure disorder and variously characterized
16 mental diagnoses.
17      At step three, the administrative law judge
18 concluded that plaintiff's conditions do not meet or
19 medically equal any of the listed presumptively disabling
20 conditions set forth in the Commissioner's regulations;
21 specifically considering Listings 11.02, related to epilepsy;
22 12.02, related to neurocognitive disorders; 12.03, dealing
23 with schizophrenia and psychotic disorders; 12.04, dealing
24 with depressive disorders and bipolar disorder; 12.06,
25 addressing anxiety and obsessive compulsive disorders; and

1    12.08, involving personal and impulse control disorders.
2            The ALJ next surveyed the available evidence and
3    concluded that notwithstanding his limitations, he is capable
4    of performing a full range of work at all exertional levels
5    with the following exceptions:  He should not have
6    concentrated exposure to unprotected heights and hazards.
7    Mentally, the claimant retains the ability to understand and
8    follow simple instructions and directions, perform simple
9    tasks independently, maintain attention and concentration for
10   simple tasks and regularly attend to a routine and maintain a
11   schedule.  The claimant can handle simple repetitive
12   work-related stress, in that he can make occasional decisions
13   directly related to the performance of simple tasks in a
14   position with consistent job duties that does not require the
15   person to supervise or manage the work of others.  He should
16   avoid work requiring more complex interaction or joint effort
17   to achieve work goals.  The claimant can tolerate superficial
18   contact with the public.  Applying that residual functional
19   capacity and after finding at step four that plaintiff had
20   not engaged in past relevant work, with the testimony of a
21   vocational expert, ALJ Koennecke concluded that
22   notwithstanding plaintiff's limitations, he is capable of
23   performing available work in the national economy, citing as
24   representative examples positions of dishwasher, floor waxer,
25   and sweeper-cleaner, industrial, and therefore concluded that

1    plaintiff was not disabled at the relevant times.
2               As you know, the court's function is limited and
3    the standard which I apply is extremely deferential.  I must
4    determine whether correct legal principles were applied and
5    the resulting determination is supported by substantial
6    evidence, to find as such relevant evidence as a reasonable
7    person would find sufficient to support a fact.  As the court
8    noted in *Brault v. Social Security Administration*
9    *Commissioner*, 683 F.3d 443, from the Second Circuit 2012, the
10   standard is exceedingly deferential.  In that case, the court
11   noted that under the -- under the standard of substantial
12   evidence, a court can reject a fact only if a reasonable fact
13   finder would have to conclude otherwise.  The standard was
14   more recently reaffirmed by the Second Circuit in *Schillo v.*
15   *Kijakazi*, 31 F.4th 64 from 2022.
16              The plaintiff's argument in this case
17   surrounds the characterization of plaintiff's mental
18   impairments in a grouping.  She argues -- he argues that it
19   was error to lump the mental conditions together and analyze
20   functional limitations caused by -- and failure to analyze
21   functional limitations caused specifically by plaintiff's
22   paranoid schizophrenia.  Of course the first, the first task
23   of an ALJ is to determine the plaintiff's residual functional
24   capacity which represents the finding of the range of tasks
25   he is capable of performing notwithstanding a plaintiff's

1  impairments.  Ordinarily, the RFC represents a claimant's
2  maximum ability to perform sustained work activities in an
3  ordinary setting, on a regular and continuing basis, meaning
4  eight hours a day for five days a week or an equivalent
5  schedule.  An RFC determination is informed by consideration
6  of all relevant medical and other evidence.
7             The ALJ in this case lumped the various mental
8  diagnoses of plaintiff's mental condition into one grouping.
9  While plaintiff argues that that was error per se, I
10 disagree.  I have seen other administrative law judges faced
11 with multiple potential diagnoses similarly conclude that
12 they should be grouped as variously characterized mental
13 diagnoses and of course it is not the diagnosis that controls
14 but it is the resulting limitations flowing from the mental
15 impairments.  And I note that the administrative law judge at
16 page 14 of her decision specifically states that she has
17 considered all of the symptoms that plaintiff experiences
18 affecting her mental -- his mental functioning.  The ALJ in
19 this case did not lose sight of the possibility of
20 schizophrenia as a diagnosis.  It was mentioned on page 14 as
21 a diagnosis, his symptoms were recounted at page 15 and 16 of
22 the decision, and at step three, the administrative law judge
23 considered Listing 12.03 which addresses schizophrenia.
24 Listing 12.03, I should note, requires either a showing of a
25 B criteria or a C criteria having been met, much like the

1   other mental health listings, and the administrative law
2   judge concluded that the B criteria were not met for the
3   mental health listings and that would apply equally to the
4   schizophrenia, so it would not be considered as a
5   presumptively disabling condition.
6             I note that this case in my view is
7   distinguishable from the cases cited by the plaintiff, one
8   case was *Wahler v. Colvin*, 2014 WL 6390320 from the Western
9   District of New York 2014.  In this case plaintiff was found
10  to suffer from post-traumatic stress disorder, or PTSD, and
11  anxiety but the administrative law judge ignored major
12  depressive disorder and panic disorder with agoraphobia at
13  step two, and more significantly did not include any
14  limitations, did not further consider those diagnoses and
15  omitted any limitations that would address those diagnoses.
16            Similarly, in the *Rivera v. Berryhill*, 2019 WL
17  3497810, from the Western District of New York 2019, the
18  administrative law judge failed to consider plaintiff's
19  post-traumatic stress disorder and therefore did not include
20  in the RFC any limitation on interacting with people and that
21  was found to be error.
22            In this case, by contrast, all of the symptoms
23  that plaintiff experienced, regardless of which mental health
24  condition they're attributable to, were considered.  I note
25  that not all, not all of the medical sources in the record

1   diagnosed plaintiff as suffering from schizophrenia.
2   Dr. Noia did not at page 1140, and I recognize that his
3   examination was a one-time examination and a snapshot of the
4   plaintiff as he had presented on that day.  Dr. Stephen
5   Hudyncia at page 971 questioned whether plaintiff was
6   properly diagnosed with schizophrenia.  In any event, the
7   administrative law judge in this case, in formulating her
8   RFC, relied on the opinion of Dr. Noia in this case which is
9   uncontradicted.  It is appropriate to rely on the
10  consultative examiner's report, particularly when it is
11  uncontradicted and supported by the record.  And in this
12  case, he did -- she did just that.  *Laura Ann H. v. Saul*,
13  2021 WL 4440345 from the Northern District of New York, 2021.
14  And I'll note, digressing, it is plaintiff's burden to
15  establish greater limitations than those set forth in the
16  RFC.  In my view, the plaintiff did not offer anything to
17  carry that burden.
18              Dr. Noia, after examining the plaintiff, noted
19  that plaintiff appeared to be his stated age, was
20  appropriately dressed and well groomed, his speech was --
21  intelligibility was fluent, his thought processes were
22  coherent and goal directed with no evidence of
23  hallucinations, delusions, or paranoia in the evaluation
24  setting, his affect was anxious.  The claimant reported
25  feeling good today, his mood was anxious, sensorium, clear,

1   oriented times three.  His attention and concentration were
2   intact.  His recent and remote memory skills were relatively
3   intact.  His insight was determined to be fair as was his
4   judgment.
5               In the medical source statement, Dr. Noia
6   concluded that plaintiff suffers from only mild limitations
7   with the exception of moderate limitations in regulating
8   emotions, controlling behaviors, and maintaining well-being,
9   and did not find any marked or extreme limitations.  The
10  administrative law judge's RFC is supported by that, by that
11  consultative opinion.
12              I do note that the treatment notes lend
13  support to this opinion as the administrative law judge
14  concluded.  Plaintiff on various occasions denied having any
15  psychiatric problems to Dr. Shatla, his neurologist, at pages
16  650, 652, 646, 712, 714, 718, 721, 725, 729, and 732.  He was
17  reported to be oriented and denied auditory and visual
18  hallucinations at page 694.  He was described as doing well
19  on medications at 694.  He was described as improved on 696.
20  The notes of LMSW Lisa LeMura and CMHSH Kaitlyn LaPolla show
21  that only modest symptomology was observed.
22              I note that there is indication of GAF
23  assessments which were mentioned by the administrative law
24  judge.  GAF, of course Global Assessment of Functioning, is a
25  snapshot of a patient at a specific point in time.  The

administrative law judge noted that she considered those GAF scores but did not consider them necessarily conclusive and I think that was totally appropriate. There are GAFs of 50, that's at 660; 55, 786; 60 at 689; 62 at 695; 60 at 801; and 64 at 803 are reported, and of course 51 to 60 reflects moderate symptoms, and 61 to 70 reflects some mild symptoms or some difficulty in social, occupational, or school functioning but generally functioning pretty well, has some meaningful interpersonal relationships. I also note that reviewing the treatment records, I found many denials by plaintiff of experiencing hallucinations or psychosis, and many references show that his symptomology is controlled and/or improved with medications.

The administrative law judge also properly considered plaintiff's extremely broad range of activities of daily living at page 16 of the transcript. I'll also note that the plaintiff has failed to point to any additional limitations that a reasonable fact finder would have to incorporate in the residual functional capacity as I think was his burden.

Plaintiff complains that the administrative law judge found plaintiff to be more restricted than Dr. Noia's opinion reflected. In that regard the ALJ did not substitute her lay opinion but instead relied on the consultative examination plus plaintiff's treatment notes and

1    clinical findings which was entirely appropriate.  *Heaman v.*
2    *Berryhill*, 765 F.App'x 498 from the Second Circuit, 2019.
3    And in any event, the fact that plaintiff was given the
4    benefit of the doubt by the ALJ and a more restrictive RFC
5    was incorporated into the decision than would have been
6    justified by Dr. Noia presents no ground for remand.  *Theresa*
7    *G. v. Saul*, 2021 WL 1535472, from my colleague Magistrate
8    Judge Daniel Stewart on April 19, 2021.  Judge Stewart
9    subsequently refused to reconsider his decision at 2021 WL
10   2282021, that's from June 4, 2021.
11              In summary, I conclude that the correct legal
12   principles were applied in this case and the resulting
13   determination is supported by substantial evidence; therefore
14   will deny plaintiff's motion for judgment on the pleadings,
15   grant judgment on the pleadings to defendant, and order
16   dismissal of plaintiff's complaint.
17              Thank you both for excellent presentations, I
18   hope you enjoy the rest of your short summer.
19          MS. KUBIAK:  Thank you, your Honor.
20          MS. LOCKSHIN:  Thank you, Judge.
21              (Proceedings Adjourned, 1:42 p.m.)

```
1         CERTIFICATE OF OFFICIAL REPORTER
2
3
4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5   Official Realtime Court Reporter, in and for the
6   United States District Court for the Northern
7   District of New York, DO HEREBY CERTIFY that
8   pursuant to Section 753, Title 28, United States
9   Code, that the foregoing is a true and correct
10  transcript of the stenographically reported
11  proceedings held in the above-entitled matter and
12  that the transcript page format is in conformance
13  with the regulations of the Judicial Conference of
14  the United States.
15
16                  Dated this 31st day of August, 2023.
17
18
19                           /S/ JODI L. HIBBARD
20                           JODI L. HIBBARD, RPR, CRR, CSR
                             Official U.S. Court Reporter
21
22
23
24
25
```